```
UNITED STATES DISTRICT COURT                                 Not for Publication
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
RSS JUDGMENT ENFORCEMENT LLC,

                          Plaintiff,

           -against-                                         21-cv-4331 (LAK)


SYMBION POWER TANZANIA LIMITED, et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action to (a) confirm an arbitration award of roughly $30 million obtained by plaintiff's assignor against defendant Symbion Power Tanzania Limited ("SPTL") that has been unpaid since 2018, (b) enforce that award against defendants other than SPTL, including Paul Hinks and Richard Westbury a/k/a Richard Bethell, and (c) recover for various defendants' alleged fraud and other misconduct with regard to the funds owed by SPTL. Messrs. Hinks and Westbury – through Symbion Power Holdings, LLC and its wholly owned subsidiary, Symbion Power LLC – allegedly control a number of companies downstream of Symbion Power, including SPTL.

        Inasmuch as SPTL and some of the other defendants allegedly are not directly amenable to service of process here, plaintiff's theory is that Hinks, Westbury, and the chain of companies they allegedly control, down to and including SPTL, are *alter egos* of each other and thus subject to jurisdiction in New York where some of companies allegedly are located. Plaintiff claims also that defendants other than SPTL are liable on the arbitration award based on an *alter ego* theory. The matter is before the Court on plaintiff's motions for (1) an order attaching claims by SPTL

2

against Tanzania Electricity Supply Company said to be worth around $500 million or, alternatively, any proceeds of those claims, and (2) expedited discovery. Also pending but not at issue in this order are two motions to dismiss the complaint.

By virtue of Fed. R. Civ. P. 64, the availability of attachment is governed by Article 62 of the New York Civil Practice Law and Rules ("CPLR"). That remedy is sought against property of SPTL, which is a "private company Limited by shares" – in other words, a corporation – organized under the laws of Tanzania.[1] SPTL is not qualified to do business in New York.[2] Accordingly, attachment against it is available under CPLR § 6201, sub. 1, assuming satisfaction of the remaining requirements.

The remaining prerequisites to issuance of an order of attachment generally are well set out in plaintiff's memorandum[3] and need not be repeated here. Suffice it to say for present purposes that SPTL's principal argument is that the request for attachment should be denied because plaintiff is unlikely to prevail on the merits in this action, principally because the Court is said to lack personal jurisdiction over it and, in any case, because this action is likely to be dismissed on the ground of *forum non convieniens*.

As plaintiff points out, it is well established that personal jurisdiction over a foreign corporation lacking direct contacts with New York may rest on an *alter ego* theory on an appropriate showing, which "is relaxed where the *alter ego* theory is used not to impose liability, but merely

---

[1] Gagas Aff. [Dkt 58] Ex. O.

[2] Marks Aff. [Dkt 38] ¶ 5.

[3] Pl. Mem. [Dkt 39] at 9-13.

to establish jurisdiction."[4] To be sure, the record thus far is inadequate to compel a conclusion that SPTL has a strong likelihood of success on its *alter ego* theory for either purpose.[5] But it is equally true that defendants' submissions, including those filed on the two dismissal motions, fall far short of permitting or requiring a contrary conclusion. Many of defendants' contentions are conclusory or couched in general language that obscures exactly what the facts are.[6] Moreover, defendants rest very heavily on declarations of Mr. Hinks. These of course are self serving. More significantly, the record raises some issues concerning the accuracy of some of his statements[7] and, more generally, his candor. In all the circumstances, plaintiff is entitled to conduct discovery with a view toward establishing personal jurisdiction over those defendants who dispute it.

In so concluding, the Court is mindful of the fact that jurisdictional discovery in this

---

[4] *Int'l Equity Invests., Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp.2d 456, 459 (S.D.N.Y. 2007) (collecting cases).

[5] Resort to the evidentiary record is appropriate in view of the facts that (a) plaintiff has sufficiently has alleged a *prima facie* case for the exercise of personal jurisdiction, and (b) a plaintiff on a motion for an order of attachment "must make an evidentiary showing of 'proof stronger than that required to establish a *prima facie* case.'" *Flame S.A. v. Primera Mar. (Hellas) Ltd.*, No. 09-cv-8138 (KTD), 2010 WL 481075, at *4 (S.D.N.Y. Feb. 2, 2010) (quoting *New York Dist. Council of Carpenters Pension Fund v. KW Const., Inc.*, No. 07-cv-8008 (RJS), 2008 WL 2115225, at *1 (S.D.N.Y. May 16, 2008)).

[6] For example, he tells us that SPTL "at all times maintained appropriate corporate formalities," but he does not enlighten the Court as to what formalities he considers "appropriate" and the manner in which SPTL allegedly has maintained them "distinct[ly] from the other Symbion Companies." Hinks Decl. [Dkt. 65] ¶ 26.

[7] For example, his declaration in this action asserts, under penalties of perjury, that he is "not and have never been a resident of the State of New York or of the United States," though he concedes that his wife leases an apartment here "where [Mr. Hinks] stay[s] from time to time." *Id.* at ¶ 3. In an earlier action, however, he asserted, under penalties of perjury, that he was a resident of New York. Hinks Decl. [Dkt 95-1] ¶ 4. Pleadings filed on his behalf in other actions also asserted that he was a New York resident.

4

unusual posture – one in which the facts relevant to the relationships between and among the individual and entity defendants will be relevant both for jurisdictional and merits purposes – in some respects cannot be separated neatly from discovery on the merits, but determination of any disputed questions must occur in specific contexts. The Court is mindful also that the discovery relevant for jurisdictional purposes necessarily will be broader than that sought on the pending motion for expedited discovery. With this in mind, the Court orders as follows:

1. The motion for an order of attachment [Dkt 43] is denied without prejudice to renewal following appropriate discovery.

2. The motion for expedited discovery [Dkt. 44] is granted. Plaintiff shall submit any necessary signature copies to chambers for execution.

3. Plaintiff may conduct additional jurisdictional discovery as indicated above.

SO ORDERED.

Dated: July 25, 2021

_____
Lewis A. Kaplan
United States District Judge